## WILDER et al. v. HUMPHREYS et al.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1924.)

No. 4369.

Corporations ⊜77—Under contract to convey leases for share of stock in corporation, grantor held not entitled to share in increases in stock issued subsequent to designated date.

Under contract to convey land leases, grantee to pay on certain date money and specified amount of stock in proposed corporation based on specified capitalization, with proportionate increase or decrease if stock issued should exceed or be less than such amount, *held*, that amount of stock payment was dependent on corporation's capitalization on date payment was to be made, and grantor was not entitled to share in subsequent increases in capitalization representing money and property acquired after such date.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by A. E. Wilder and another against A. E. Humphreys and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. H. Slay, U. M. Simon, Mike E. Smith, and Hugh B. Smith, all of Fort Worth, Tex., for plaintiffs in error.

Wm. A. Vinson and Clyde A. Sweeton, both of Houston, Tex. (Vinson, Elkins, Wood & Sweeton, of Houston, Tex., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. By a contract, dated December 21, 1920, between Blake Smith and A. E. Humphreys, Smith agreed to convey to Humphreys described land leases. That contract contained the following provisions:

"The said A. E. Humphreys has this day paid to the said Blake Smith as part of the consideration for said purchase the sum of $10,000, the receipt of which is hereby acknowledged, and agrees to pay him the further sum of $10,000 on the 15th day of January, 1921, which said sum shall be paid, at the option of the said Blake Smith, in cash or in stock in the Humphreys Texas Company. And he further promises to pay to the said Blake Smith on said last above

named date the further sum of $22,500 in stock in said Humphreys Texas Company, based on a capital issue of said company of $2,000,000. Should the capital issue of said company exceed the above amount, then the said Smith shall have an increased amount of stock in proportion to said increase; and, should said company's capital issue be for less than $2,000,000, then the amount of stock shall be decreased proportionately."

This suit was brought by said Smith and A. E. Wilder, the petition containing averments to the effect that, with the knowledge and consent of said Humphreys, plaintiff Wilder became the owner of a two-thirds interest in the rights acquired under the contract in the name of said Smith, and averments to the effect that said Humphreys, in making the contract, was acting for himself and for the defendant Humphreys Texas Company, a corporation, the organization of which was in contemplation when the contract was made. It also contained averments to the following effect: The cash payments called for by the contract were made. A payment in stock of said corporation was made on or about August 1, 1921, and not on January 15, 1921, as stipulated in the contract. The authorized capital stock of said corporation was $5,000,000. There has been actually issued in all $4,543,600 of the capital stock of that corporation. The petition asserted the claim that the plaintiffs are entitled to the proportionate share specified in the contract of all stock issued by said corporation, including both that which was originally issued and any that was issued subsequently. The above-quoted provision is relied on to support that claim. The court sustained a general demurrer to the petition, and dismissed the suit. That action of the court is assigned as error.

The averments of the petition do not negative the conclusions that the amount of the alleged payment in stock on or about August 1, 1921, was the proportionate share of said corporation's then issued stock which was stipulated for in the above set out provision of the contract, and that said corporation's alleged total issue of stock includes both that which was issued for money and property acquired by it upon its organization or prior to August 1, 1921, and that which thereafter was issued in amounts corresponding with the value of additional money or property subsequently acquired by the corporation. The averments of the petition do not show that after the alleged payment in stock any further or additional issue of the corporation's stock was based in whole or in part on the property which the corporation had acquired when such payment in its stock was made. In the light of the state of facts existing and in contemplation when the contract was made, we think that the terms of its above set out provision plainly show that the amount of the payment promised to be made in the stock of the named corporation was to be dependent on the amount of the corporation's capital issue when such payment was to be made. Evidently it was contemplated that the organization of the corporation and an issue of its capital stock would be effected by January 15, 1921, and that the payment in stock which was promised to be made on that date would discharge Humphreys' obligation in regard to paying in stock.

The concluding sentence of the quoted provision, dealing with the contingency of the capital issue being in excess of or less than $2,000,000, persuasively indicates that the only issue in which Smith was to be entitled to share was that made prior to or at the time of the payment in stock explicitly promised to be made to him. That provision fairly negatives the conclusion that, in the event of the capital issue being $2,000,000 and the payment to Smith of $22,500 in amount of that issue, he would cease to have the right to retain that amount of stock upon the capital issue of the corporation thereafter being decreased in any manner. We think it also negatives the conclusion that the contract gave the plaintiff any right to share in increases in the stock of the corporation made subsequently to the issue which was expected to be made when the corporation was organized, if such increases corresponded in amount with the value of the money or other property acquired by the corporation after the payment in stock which was promised to be made at a specified time. The conclusion is that the averments of the petition do not show a failure to comply with any obligation imposed by the contract, and that the court did not err in making the above-mentioned ruling.

The judgment is affirmed.